## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**FILED**

October 24, 2013

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**WILSON J. BARKER,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1392**  (BOR Appeal No. 2045740)
                              (Claim No. 2010132139)

**A. T. MASSEY COAL COMPANY, INC.,**
**Employer Below, Respondent**


### MEMORANDUM DECISION

Petitioner Wilson J. Barker, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. A. T. Massey Coal Company, by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 12, 2011, in which the Board affirmed a February 28, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 18, 2010, decision rejecting Mr. Barker's claim for carpal tunnel syndrome. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Barker had worked as a coal miner for A. T. Massey Coal Company and various other coal companies for over twenty years. Mr. Barker was employed as a surface drill operator since April of 2005. Upon retiring, on April 9, 2009, Mr. Barker filed a claim for workers' compensation asserting that he had developed bilateral carpal tunnel syndrome as a result of his employment. On August 19, 2009, Dr. Kuruvilla, performed an electromyography (EMG) test but the report of his evaluation only contained the EMG results for Mr. Barker's right upper extremity. Dr. Kuruvilla also diagnosed mild carpal tunnel syndrome and early entrapment of the

1

ulnar nerve but the diagnoses specifically applied only to Mr. Barker's right upper extremity. On June 18, 2010, the claims administrator rejected Mr. Barker's claim for carpal tunnel syndrome based on the physician review of Dr. Dauphin. Dr. Dauphin's report of May 21, 2010, stated that there was no evident connection between Mr. Barker's occupation and his symptoms. Dr. Dauphin also noted that, because Dr. Kuruvilla only performed an EMG test on Mr. Barker's right arm, it was impossible to determine whether the carpal tunnel syndrome was work-related or due to an underlying metabolic disease. The June 18, 2010, decision of the claims administrator was affirmed by the Office of Judges on February 28, 2011, and by the Board of Review on September 12, 2011, leading Mr. Barker to appeal.

The Office of Judges concluded that the claims administrator did not commit any reversible error in denying Mr. Barker's application for benefits based on his carpal tunnel syndrome. The Office of Judges found that Mr. Barker operated a surface drill by pulling control levers. The Office of Judges determined that as a drill operator Mr. Barker was not required to use any vibratory hand tools and rarely used full grip strength. The Office of Judges found that there was no evidence connecting Mr. Barker's symptoms to his work condition. The Office of Judges concluded that Mr. Barker did not develop carpal tunnel syndrome as a result of and in the course of his employment and is not entitled to workers' compensation benefits. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusion of the Board of Review and the reasoning of the Office of Judges. Mr. Barker has not provided any evidence that causally links his diagnosis of carpal tunnel syndrome to his work conditions. Dr. Kuruvilla's evaluation does not contain any explanation of the cause of Mr. Barker's condition. Mr. Barker's own testimony does not provide sufficient evidence of awkward wrist positioning, significant grip force, or high force repetitive motion to find that his occupation caused his carpal tunnel syndrome. West Virginia Code of State Rules § 85-20-41.5 (2006).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 24, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

Chief Justice Brent D. Benjamin, disqualified

2